UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:   20-cv-82227-DMM

IS PRIME RISK SERVICES, INC. n/k/a
IS RISK ANALYTICS, INC.,

       Plaintiff,
v.

NAUMAN ANEES,

       Defendant.
_____/

**DEFENDANT NAUMAN ANEES' VERIFIED**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendant NAUMAN ANEES ("Mr. Anees"), pursuant to Fla. Stat. § 542.335(1)(k), Local Rule 7.3 and Fed. R. Civ. P. 54(d), respectfully requests an order requiring Plaintiff IS PRIME RISK SERVICES, INC. n/k/a IS RISK ANALYTICS, INC.'s ("IS Risk") to repay a portion of the attorneys' fees and costs incurred in defending this action in the amount of $42,653 (includes $402 in taxable costs).[1]

**INTRODUCTION**

Mr. Anees seeks an award of his fees and costs pursuant to the Florida Noncompete Statute under which Plaintiff brought suit, Fla. Stat. § 542.335(1)(k) (the "Noncompete Statute").  Mr. Anees is entitled to his fees as the prevailing party because IS Risk voluntarily dismissed its claims against Mr. Anees.  To obtain the dismissal, Mr. Anees was forced to file substantial, dispositive motions addressing both procedural and substantive deficiencies with IS Risk's ultimately

---

[1] Mr. Anees has contested personal jurisdiction in Florida. (See ECF No. 14 at 5-9.)  By filing this defensive motion, Mr. Anees does not concede personal jurisdiction in this court or in Florida and reserves all rights and defenses, facts, arguments, and/or objections to such jurisdiction in Florida.

abandoned complaints, which IS Risk improperly filed against him personally in a venue far from his home and in a court that lacked jurisdiction over him.

This case was about IS Risk's tactical harassment of Mr. Anees with a personal lawsuit in an ill-conceived attempt to gain unfair competitive leverage over the business for which he serves as CEO, TF Global Marks (Aust) Limited ("TF Aust"). It was, moreover, the latest in a string of litigation in the United Kingdom and the United States that IS Risk and a related company owned by its parent, ISAM Funds (UK) Limited ("ISAM"), (IS Risk and ISAM are collectively the "IS Group") have initiated against TF Aust and its related companies (collectively, "TF Global") in recent years to, among other things, stifle competition between the IS Group and TF Global. This case was the only one that IS Group initiated against Mr. Anees in his individual capacity.

More than four years ago on January 19, 2017, TF Aust's subsidiary, Think Liquidity LLC ("TL"), sold a discrete line of business in the financial services and fintech industries to IS Risk pursuant to the Asset Purchase and Sale Agreement ("APSA") (Exhibit A to the Amended Complaint, ECF No. 10-1). The line of business sold involved "risk management services, MT4/hosting services, and STP bridging services," and an alleged noncompete provision in the APSA restricted only these three services for four years. *See* APSA, § 4.3(a). The noncompete restrictions in the APSA forever and completely expired on January 19, 2021. *See* APSA, § 4.3(a).

After three years and nearly ten months elapsed on the alleged four-year, limited restrictive covenant, IS Risk improperly sued Mr. Anees, without any pre-suit notice or attempted negotiation. IS Risk did so based on the alleged acts of TF Aust and on IS Risk's opportunistic misreading of a TF Aust related website, liquidity.net. Mr. Anees has consistently and unequivocally maintained that IS Risk's claims were not viable, but IS Risk persisted, requiring Mr. Anees to engage in costly litigation in this federal court, which IS Risk ultimately dismissed.

2

#83406408_v3

## PROCEDURAL HISTORY

IS Risk filed this unsupportable lawsuit in state court on November 2, 2020, without prior notice, in violation of the arbitration clause of the APSA and without personal jurisdiction. IS Risk sought injunctive relief, declaratory relief and damages. Though IS Risk was in continual contact with TF Aust's lawyers regarding another ongoing litigation between IS Risk and TF Aust, it provided no notice of this new action and instead served Mr. Anees with process shortly before the Thanksgiving holiday at his home during the COVID-19 pandemic, with papers seeking immediate injunctive relief. Mr. Anees timely removed this action to this Court on December 8, 2020 [ECF No. 1], and moved to dismiss the complaint on December 15, 2020 for lack of personal jurisdiction, failure to arbitrate, and failure to state a claim [ECF No. 3]. After indicating that it would respond to the motion to dismiss, and requesting an extension of time to respond to it that Mr. Anees did not oppose, IS Risk instead filed an amended complaint. IS Risk withdrew its claim for injunctive, declaratory, and equitable relief in apparent recognition of the defectiveness of those ill-conceived claims, but added additional allegations that had little to do with Mr. Anees, individually, and did not cure the matters raised in the pending motion to dismiss.

Accordingly, IS Risk persisted against Mr. Anees individually, even though the restrictions had expired, by continuing to assert that its purported damages claim could proceed in this court [ECF No. 10]. Mr. Anees was forced to address the deficiencies in the complaint for a second time. IS Risk then attempted to stave off dismissal by seeking to compel its own claims to arbitration and to stay this case pending arbitration – a requirement IS Risk willfully ignored for more than two months [ECF No. 12]. Mr. Anees opposed the stay and sought dismissal of the Amended Complaint again for lack of personal jurisdiction, failure to arbitrate, and failure to state a claim [ECF No. 15]. After receiving an extension of time to respond to Mr. Anees' second motion

to dismiss, and on the deadline for its reply in support of its motion for stay, IS Risk voluntarily dismissed this lawsuit without prejudice on February 1, 2021 [ECF No. 18]. Pursuant to Local Rule 7.3, this Motion for fees is timely filed.

## ARGUMENT

### I. MR. ANEES IS ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS UNDER THE NONCOMPETE STATUTE

Under Florida law, a prevailing party may recover attorney's fees and costs where there is a statutory basis for doing so, and the language of the statute is the starting point for the determination as to prevailing party and an award of fees. *Trytek v. Gale Indus., Inc.,* 3 So. 3d 1194, 1198 (Fla. 2009). Here, IS Risk asserted claims against Mr. Anees under the Noncompete Statute which authorizes prevailing parties, like Mr. Anees, to seek recovery of reasonable attorneys' fees and costs in connection with any "action seeking enforcement of, or challenging the enforceability of, a restrictive covenant." Fla. Stat. § 542.335(1)(k). Mr. Anees satisfies all requirements for entitlement to his reasonable fees and costs, and is entitled to a full recovery.

### A. Mr. Anees is a Prevailing Party Entitled to Attorney's Fees and Costs

Federal courts apply state substantive law to determine issues relating to prevailing party status and entitlement for attorneys' fees when exercising diversity jurisdiction. *See Nukote Intern, Inc. v. Office Depot, Inc.,* 09-82363-CIV, 2010 WL 4942838, at *1-2 (S.D. Fla. Nov. 30, 2010). Mr. Anees is the prevailing party in this case because all claims against him were dismissed. A dismissal is a dismissal, and a plaintiff's voluntary dismissal of a lawsuit entitles the defendant to "prevailing party" fees and costs where a statute so provides. *See Thornber v. City of Fort Walton Beach*, 568 So. 2d 914, 919 (Fla. 1990) ("when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party."); *Nukote Intern*, 2010 WL 4942838, at *1-2 (same); *Alhambra*

4

*Homeowners Ass'n v. Asad*, 943 So. 2d 316, 318 (Fla. 4th DCA 2006) (defendant was the prevailing party under condominium statute after voluntary dismissal).

The potential for later re-filing claims does not impact the fees and cost analysis. *See Nukote Intern, Inc.,* 2010 WL 4942838, at *2 (potential for re-filing inconsequential to attorneys' fees award); *Alhambra Homeowners Ass'n, Inc.,* 943 So. 2d at 317 (same).

Here Mr. Anees is the prevailing party because IS Risk dismissed its claims. Accordingly, Mr. Anees is entitled to recover its attorney's fees and costs.

### B. Mr. Anees is Entitled to Attorney's Fees and Costs Under the Noncompete Statute

Mr. Anees is entitled to recovery his attorneys' fees pursuant to the Noncompete Statute, which provides that "[i]n the absence of a contractual provision authorizing an award of attorney's fees and costs to the prevailing party, a court may award attorney's fees and costs to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant." Fla. Stat. § 542.335(1)(k) (2020). While awards under this statute are permissive, courts generally do award fees pursuant to this statute. *See Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC,* No. 3:10-cv-978-J-37JBT, 2013 WL 3815595, at *3-4 (M.D. Fla. Jul. 22, 2013) ("a review of Florida case law concerning this provision reveals that Florida's courts have not hesitated to enter such an award if authorized to do so."). Further, because IS Risk sought to enforce a restrictive covenant in the APSA and IS Risk *itself sought fees* in its complaint under this very same Noncompete Statute [ECF No. 10, "Wherefore" clause], its voluntary dismissal entitles Mr. Anees to prevailing party attorneys' fees and costs. *Id.; see Proudfoot Consulting Co. v. Gordon,* No. 06-80959-CIV-MARRA/JOHNSON, 2011 WL 13174657, at *2-3 (S.D. Fla. Feb. 25, 2011) (awarding attorneys' fees to the prevailing party under Fla. Stat. 542.335(1)(k)); *see also Puleo v. Morris,* 98 So. 3d 248, 250 (Fla. 2d DCA 2012).

This Court should award Mr. Anees the attorneys' fees sought because Mr. Anees prevailed. Furthermore, IS Risk brought its untenable litigation as a means of stifling competition and/or without sufficient support. And IS Risk improperly brought its claims against Mr. Anees individually. Moreover, IS Risk failed to properly assert jurisdiction over Mr. Anees, comply with the APSA's condition precedent to arbitrate, and failed to set forth a viable claim under the Noncompete Statute. Thus, IS Risk should be ordered to pay Mr. Anees' fees and costs.

## II. THE ATTORNEY'S FEES AND COSTS SOUGHT ARE REASONABLE AND NECESSARY

### A. Standard for Determining Reasonableness of Fee and Cost Award

In analyzing an award of attorneys' fees pursuant to a state statute, this Court employs the lodestar test. *See Chavez v. Mercantil Commercebank, N.A.,* No. 10-23244-Civ., 2015 WL 136388 (S.D. Fla. Jan. 9, 2015) (stating that the lodestar test is used in cases governed by state law because Florida has adopted the federal lodestar approach) (*citing Fla. Patient's Comp. Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla. 1985)). The lodestar test is a calculation of "the hours reasonably expended by counsel multiplied by a reasonable hourly rate." *Cuban Museum of Arts & Culture v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991); *Norman v. Haus. Auth. of Montgomery,* 836 F. 2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F. 2d at 1299. In determining the reasonable market rate, the Court may consider several factors, including:

> (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the degree of skill necessary to serve the client properly, (4) the attorney's inability to accept other employment because he accepted the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount of damages involved and the relief or results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability"

#83406408_v3

of the case, (11) the nature and length of the attorney's professional relationship with the client, and (12) awards in similar cases.

*Schajler v. Fairway Park Condo. Ass'n,* 147 F. App'x 113, 115 (11th Cir. 2005) (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F. 2d 714, 717-19 (5th Cir. 1974)).

While consideration of nearly all of these factors support the relief requested herein, Mr. Anees highlights two highly relevant factors – the time limitations imposed by the client or the circumstances, given the injunctive relief threatening shutdown of a website, and the amount of damages involved given the threat to shut down the website. As referenced above, Mr. Anees, the CEO of TF Aust, was served just before Thanksgiving with a complaint that sought to enjoin operation of the liquidity.net website, and thus threaten TF Aust's business. The immediate need for counsel to invest significant hours at the outset of this action to learn about the client's business and the jurisdictional issues as well, support the full fee award sought.

Mr. Anees' demand for **$42,251** in fees incurred in this action is based on reasonable market hourly rates and a reasonable number of hours expended. Mr. Anees engaged counsel who was experienced and competent in the specialized areas of law at issue, and defended itself against IS Risk's baseless and overreaching claims. IS Risk has no one but itself to blame for the amount of fees and costs being sought for recovery.

### B. Analysis of Fees Charged

Mr. Anees is seeking to recover **$42,251** in attorneys' fees incurred in this litigation.[2] Holland & Knight ("H&K") provided legal representation to Mr. Anees from November 2020

---

[2] Mr. Anees reserves the right to seek fees for the amounts spent litigating entitlement that have been incurred since initially serving this Motion on IS Risk. Mr. Anees will supplement this Motion with that information.

through present day, which fees were paid on behalf of Mr. Anees. H&K strived to perform the requisite work in the most cost-effective manner. Non-partners were used to complete significant portions of the work at lower hourly rates. Additionally, discounted rates were provided to Mr. Anees that were below the standard and customary rates of the attorneys working on the case. H&K as a firm, and Matthew Zimmerman, Philip Rothschild, and Courtney Oakes as the attorneys who worked on this matter, are experienced, capable, and effective attorneys with good reputations. A true and correct copy of each of their biographies is attached hereto as composite Exhibit A.

H&K has effectively advocated and achieved a favorable result for Mr. Anees through the voluntary dismissal of all claims following two motions to dismiss Plaintiff's claims, among the other required tasks described below and in the invoices. H&K has also handled the related litigations and arbitrations for TF Aust, an international party. Mr. Anees has limited his request for attorneys' fees to an indisputably reasonable amount, and the full attorneys' fees and costs sought herein should be awarded.

     *i.*    ***Calculation of attorney's fees***

Below is a breakdown of each billing professional that worked on this matter, along with their billing rate, number of hours reasonably expended by each timekeeper, and the amount of fees attributed to each professional that Mr. Anees is seeking to recover in this Motion. A description of the tasks done during these hours are detailed in the true and correct and redacted copies of Holland & Knight's invoices issued to Mr. Anees are attached as

8

Composite Exhibit B. No recovery is being sought for fully redacted entries. All attached invoices have been paid in full.[3]

| Timekeeper | Rate | Hours | Fees |
|---|---|---|---|
| Matthew Zimmerman | $625 | 20.9 | $13,062 |
| Philip E. Rothschild | $460 | 43.4 | $19,964 |
| Courtney Oakes | $410 | 22.5 | $9,225 |
| Totals: | | **86.8** | **42,251** |

The fees were billed in connection with a variety of tasks, including but not limited to: (1) analysis of claims against Mr. Anees, including preparation for a possible preliminary injunction motion and evidentiary hearing based upon the claim for injunctive relief in the initial complaint regarding the restrictive covenant, which necessitated investigation, witness interviews, and document review to quickly educate H&K on the business lines allegations asserted, (2) research on the claims against Mr. Anees, (3) motion practice including two motions to dismiss (the second one necessitated by IS Risk's filing of its amended complaint) and a response to IS Risk's Motion to Stay Pending Arbitration,[4] (4) preparation and negotiation of the required Discovery Plan,[5] (5) preparation of initial disclosures, including

---

[3] Invoices were addressed to TF Aust, but Mr. Anees, Think Liquidity LLC, TF Aust, and TF Global Markets (UK) Limited were each jointly and severally responsible for payment of the fees incurred to defend Mr. Anees.

[4] Surprisingly, Plaintiff moved to compel itself to arbitration and stay rather than dismiss this action. As explained in both the motion to dismiss and the response to Plaintiff's motion, despite knowing that Plaintiff was bound by an arbitration provision, Plaintiff nevertheless filed suit , and yet when faced with the motion to dismiss, sought to compel itself to arbitration and stay the matter, necessitating further work by Mr. Anees's attorneys to oppose the request. Only after Mr. Anees filed his response, did Plaintiff finally voluntarily dismiss this action.

[5] Although custom and practice in this District, typically has the plaintiff take the lead on drafting this plan, in this case, based upon the Court's order that both parties are responsible for compliance with the Scheduling Order, and plaintiff's failure to initiate discussion about timely submission of the plan, Mr. Anees's counsel was forced to take the lead on drafting the plan to comply with the December 31, 2020 deadline.

#83406408_v3

investigation of potential witnesses and documents, and consideration of e-discovery issues (6) negotiation initiated by Defendant regarding mediator selection,[6] and (7) emails and consideration of Plaintiff's various requests for extensions of time.

### ii. *The fees that Mr. Anees is seeking to recover were reasonable and necessary*

Mr. Anees was billed rates that are reasonable in this jurisdiction and for professionals with comparable experience. Holland & Knight is a national law firm with a reputable litigation practice in the South Florida community. Lead trial counsel Matthew Zimmerman has extensive and unique experience in litigating complex commercial matters, including those involving restrictive covenants and claims for injunction relief. Zimmerman has personally handled over 100 restrictive covenant matters, including lawsuits in federal and state courts within and outside of Florida. These matters involved antitrust claims, acquisitions, foreign entities, equity or option agreements, multiple agreements and jurisdictions, and trade secrets claims. Zimmerman has handled multiple evidentiary hearings addressing restrictive covenants, ranging from a one day to a five day injunction hearing. He also has handled multiple cases for international entities and involving the Hague Convention, including a jury trial in a commercial case involving several international parties, and a Hague convention abduction access hearing/trial. Zimmerman has also handled arbitration matters. Zimmerman has served as an in-house litigation counsel for a national company, which included, among other things, advising on restrictive covenant matters, acquisitions and arbitration agreements, and has represented several financial industry clients in restrictive covenant matters. Zimmerman has

---

[6] Again, custom and practice in the Southern District typically has the plaintiff's counsel reach out to start the process on selection of a mediator, but as the deadline approached without any outreach by plaintiff's counsel, counsel for Mr. Anees initiated this process and timely filed the notice of selection of mediator.

#83406408_v3

also spoken and written on restrictive covenant and trade secret matters. Zimmerman is an equity partner at Holland & Knight. Zimmerman offered a discounted rate in this matter, and the rate charged in this matter are below Zimmerman's standard rate, below the average hourly rate billed for Zimmerman's work, and lower than other Holland & Knight litigation partners in South Florida.

Philip Rothschild, who handled the lion's share of the work and also helped oversee the case, is a senior counsel with deep experience in a variety of federal court actions. His experience includes fourteen years a law clerk in the Southern District of Florida, and ten years in private practice. See Composite Exhibit A. He has litigated several dozen actions in federal court in the Southern District of Florida, including complex patent, copyright, breach of contract and fraud actions, as well as having defended several consumer class actions. He has participated in a federal trial of a noncompete action in 2019, and a federal trial of a copyright and breach of contract action in 2018. He recently completed a term as President of the Broward Chapter of the Federal Bar Association, was an officer of that Chapter for several years, and remains as a board member. He is currently a Vice Chair of the Florida Bar Federal Court Practice Committee. His rate in this case has been discounted as well below his standard rate.

Courtney Oakes is an associate and has been a member of the Florida Bar with over seven years of private practice experience. *Id.* She has litigated hundreds of cases in federal court throughout the United States including the Northern, Middle, and Southern Districts of Florida involving breach of contract and fraud actions as well as consumer class actions. She has also handled about a dozen trials in state court representing banks, servicers, and lenders in various capacities. Courtney is also an active member of the Young Lawyers' Section of the American Bar Association, serving as delegate for Broward County.

#83406408_v3

The rates charged to Mr. Anees are entirely consistent with the rates generally charged by other attorneys in the South Florida legal community in similar law firms handling complex commercial matters and with similar experience and reputation. On information and belief based upon hourly rates publicly filed in unrelated matters, counsel for Mr. Anees believes that the additional counsel for Plaintiff who have worked on this matter but not formally appeared have much higher rates than Plaintiff's counsel of record, Mr. Kenwood. During the meet and confer process, pursuant to Local Rule 7.3(a), counsel for Mr. Anees requested that counsel for Plaintiff handling the fee opposition, Janet Ramsey of the Warner Norcross Judd[7] firm in Michigan, disclose the rate that she is being compensated at for this case, as well as the rate of Brian Miller, a Miami partner at the Akerman firm, who had a telephone conference with counsel for Plaintiff Matthew Zimmerman in January to discuss this case and other related litigation between related parties. That request was rejected. That information, as well as the same rate information for any other attorneys who worked on this matter, should be disclosed with the Plaintiff's opposition to this Motion.[8] Plaintiff's failure to provide this information should result in a waiver of the objection to the hourly rates.

The total number of hours spent during the firm's involvement with this matter, 86.8 hours, were also reasonable, as reflected by the invoices. See Composite Exhibit B. As

---

[7] Mr. Anees reserves and does not waive the right to challenge and object to Warner Norcross + Judd LLP's ("WNJ") representation of Plaintiff based on a conflict. WNJ provided legal services to Think Liquidity LLC (the seller) and its parent TF Global Markets (Aust) Limited in connection with the January 2017 transaction that including the same APSA at issue in this case, and has now switched sides to represent the Plaintiff (the buyer) in litigation over that same APSA (see e.g., Am. Compl. at ¶¶ 1-5, 10-11, etc.). WNJ never consulted Defendant Anees (or Think Liquidity LLC or TF Global Markets (Aust) Limited) before this materially adverse representation of Plaintiff, nor does Defendant consent to it.

[8] "If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter. . . ."

#83406408_v3

stated above, this was a matter involving complex issues of jurisdiction, federal and state law, as well as a claim for injunctive relief in the original complaint. Due to the nature of the expedited work and immediate need for representation, the fees are particularly reasonable.[9] Holland & Knight drafted not one but two motions to dismiss as well as a Response to Plaintiff's Motion to Compel Arbitration and Stay Proceedings Pending the Completion of Arbitration.

Importantly, Holland & Knight has not sought any recovery for fees that were not billed and actually paid. A billing partner for the case reviews time entries each month to ensure accurate time entries for required tasks, and time has been written down where appropriate. These invoices have been reviewed in detail by undersigned counsel and all time entries not part of this fee request have been redacted.[10]

Given the reasonable rates charged and the reasonable hours expended in mounting a defense to IS Risk's baseless claims, the fees that are being sought for recovery in this matter are reasonable and recoverable under the lodestar test.

### C. Analysis of Costs Being Sought for Recovery

In addition to the fees discussed above, Mr. Anees seeks recovery of **$402** in costs. These costs were reasonable and necessary to the litigation and consists of the fee for removal of the action to federal court. The Restraint on Trade Statute specifically allows the recovery of costs, Fla. Stat. § 542.335(1)(k), as does Florida Statute § 57.041; *see also Mobile Shelter Syst. USA, Inc. v. Grate Pallet Solutions, LLC,* No. 3:10-cv-978- J-37JBT 2013

---

[9] A significant amount of work and review was also performed by TF Aust's General Counsel and Paralegal, however, no reimbursement is being sought for this time.

[10] Certain time entries are redacted in part on the grounds of attorney-client privilege.

#83406408_v3

WL 3815595 * 4 (M.D. Fla. July 22, 2013) (awarding both fees and costs pursuant to § 542.335(1)(k)); *Tesla Electric, Armature and Machine, Inc. v. JLM Advanced Technical Servs., Inc.,* 128 So. 3d 865 , 866 (Fla. 1st DCA 2013) (requiring the award of costs under the plain language of the statute).

Federal law also allows for recovery of costs pursuant to 28 U.S.C. § 1920. In this action, the fees of the clerk for the cost of filing the removal action are recoverable under Section 1920(1).

## **CONCLUSION**

Mr. Anees prevailed on all claims and issues with dismissal of the action by Plaintiff, and is entitled to recover his reasonable fees and costs under the Florida Noncompete Statute as discussed above. Furthermore, as documented by the attached exhibits, all fees and costs being sought for recovery in this action were reasonable and necessary to Mr. Anees' defense of all aspects of this case to the time of dismissal. Therefore, this Court should grant Mr. Anees an award of fees and costs in the total amount of $42,653.00.

## **VERIFICATION OF MOTION**

The undersigned counsel, Matthew Zimmerman, is a Partner with the law firm of Holland & Knight LLP, and has personal knowledge of the matters set forth herein. He has read the Motion and all Exhibits and states the facts alleged and set forth herein are verified and correct. Further, he has fully reviewed the records, and the supporting data on which the motion is based. Undersigned counsel certifies that the motion is well grounded in fact and justified.

## CERTIFICATE OF GOOD FAITH MEET AND CONFER

Pursuant to Local Rules 7.3(a)(8) and 7.3(b), I hereby certify that counsel for the movant, Phil Rothschild, made a good faith effort to resolve issues by agreement by engaging in an extensive meet and confer process over a period of six weeks with Plaintiff's counsel.  See Composite Exhibit C.  While Plaintiff opposes the entitlement to fees, the parties nonetheless engaged in an effort to attempt to resolve issues of hourly rates and reasonable hours.  Those efforts were not successful, with Plaintiff contending that hourly rates for Attorneys Zimmerman, Rothschild, and Oakes, should be $420, $375 and $350, respectively, rather than the rates of $625, $460, and $410 sought in this Motion.  As to reasonable hours, as listed in the spreadsheet that is part of Composite Exhibit C at page 8, Plaintiff objected to certain specific hours totaling 35.1 hours.  Defendant contends that all of that time is properly awarded and reasonable, but even if the Court agrees with any of Plaintiff's specific objections, as explained in the meet and confer emails in Composite Exhibit C, those time entries should be reduced, not eliminated completely.  As to the remaining 51.7 hours, Plaintiff contends that some of those hours was duplicative or excessive and should be reduced, but did not specify which ones.  See Exhibit C.

WHEREFORE, Defendant Anees respectfully requests that this Court should grant the foregoing Motion, and award Mr. Anees fees and costs in the total amount of $42,653.00, and allow Mr. Anees leave to file a supplemental motion seeking fees incurred for the drafting and filing of the entitlement portions of the Motion.

Dated:  April 1, 2021

Respectfully Submitted,

HOLLAND & KNIGHT LLP

*/s/ Matthew Zimmerman*
Matthew Zimmerman
Fla. Bar No. 11484

15

#83406408_v3

        matthew.zimmerman@hklaw.com
        **HOLLAND & KNIGHT LLP**
        222 Lakeview Avenue, Suite 1000
        West Palm Beach, Florida 33401
        Telephone:     561-833-2000
        Facsimile:     561-650-8399

        */s/ Philip E. Rothschild*
        Philip E. Rothschild
        Florida Bar No. 0088536
        Phil.rothschild@hklaw.com
        Courtney Oakes
        Fla. Bar No. 106553
        courtney.oakes@hklaw.com
        **HOLLAND & KNIGHT LLP**
        515 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, FL  33301
        Telephone:  (954) 468-7881
        Facsimile:  (954) 463-2030

        ***Attorneys for Defendant Nauman Anees***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or by electronic mail.

        */s/ Philip E. Rothschild*
        Fla. Bar No. 0088536

## SERVICE LIST

Joel D. Kenwood, Esq.
Brett Duker, Esq.
Sachs, Sax Caplan
6111 Broken Sound Pkwy., NW
Suite 200
Boca Raton, FL 33487
Email: jkenwood@ssclawfirm.com

#83406408_v3

       bduker@ssclawfirm.com
       mvalerio@ssclawfirm.com

Janet Ramsey, Esq.
Paul Bratt, Esq.
Warner Norcross + Judd LLP
1500 Warner Building, 150 Ottawa Ave N.W.,
Grand Rapids, MI 49503
Via Email to: jramsey@wnj.com
              pbratt@wnj.com

17